**WENSHENG DENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–70558.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 28, 2012.*

Filed March 9, 2012.

Thomas J. Tarigo, Esquire, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

OIL, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS, and CHRISTEN, Circuit Judges.

MEMORANDUM \*\*

Wensheng Deng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010), and we deny the petition for review.

█ Substantial evidence supports the agency's adverse credibility determination because Deng's testimony was internally inconsistent and inconsistent with his application regarding whether his mother had ever met the man who introduced Deng to a Christian home church. *See id.* at 1040–44 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"). In the absence of credible testimony, Deng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

█ Because Deng's CAT claim is based on the same testimony the agency found

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

not credible, and he does not point to any evidence that shows it is more likely than not that he would be tortured if returned to China, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**